UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MAUDIRA ESTENOR, ) | |
| ) | |
| Petitioner, ) | Case No. 1:11-cv-743 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| ERIC HOLDER, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his allegedly unlawful detention by agents of the Bureau of Immigration and Customs Enforcement (ICE). On September 19, 2011, respondent filed a response (docket # 17) and the petition is ready for decision. The matter has been referred to me for the issuance of a report and recommendation pursuant to Rule 10 of the Rules Governing Section 2254 Proceedings in the District Courts[1] and 28 U.S.C. § 636(b)(1)(B). After reviewing the record, I conclude that petitioner has failed to meet his burden to show cause that there is no significant likelihood of removal within the reasonably foreseeable future. I therefore recommend that this habeas corpus action be denied.

---

[1] The district court has discretion to apply the section 2254 rules in other habeas corpus cases, such as those brought under section 2241. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

**Proposed Findings of Fact**

    A.    <u>Maudira Estenor</u>

Petitioner is awaiting his removal from the United States pursuant to a final order of removal. He is a native and former citizen of Haiti, who was paroled into the United States on June 25, 1995. His status was adjusted to legal permanent resident on January 18, 1997. (Sanchez Decl. ¶¶ 3-4 at ID#s 81-82).

On September 22, 1999, petitioner was convicted of domestic assault and was sentenced to 75 days in jail. On November 5, 1999, petitioner was served with an I-862, notice to appear before an immigration judge under section 237(a)(2)(E)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(E)(i). On March 17, 2000, an immigration judge ordered petitioner's removal to Haiti. (Sanchez Decl. ¶¶ 4-6 at ID# 82; Order of Removal, docket # 17-2 at ID# 85).

On April 5, 2004, petitioner was convicted of larceny from a vacant building in Lansing, Michigan and was sentenced to 45 days in jail. On August 30, 2005, he was convicted in Warren County Circuit Court, Ohio for failure to comply with the terms of his supervised release, possession of drug paraphernalia and possession of marijuana. He was sentenced to one year of incarceration for failing to comply with the terms of his probation and 30 days for the drug-related convictions. (Sanchez Decl. ¶¶ 7-8 at ID# 82).[2]

On December 16, 2010, ICE Fugitive Operations officers arrested petitioner in Lansing, Michigan. On December 20, 2010, ICE served petitioner with a form I-229 (Warning for

---

[2] Petitioner argues that ICE's summary of his criminal history is inaccurate (docket # 23 at ID# 99), but fails to support his argument with evidence.

Failure to Depart) and instruction sheet. Deportation Officer Joanne Belog submitted a travel document request on December 20, 2010 via the electronic Travel Documents (eTD) website. On January 3, 2011, ICE's Detroit Office of Enforcement and Removal Operations mailed the travel document packet to the Headquarters Travel Document Unit in Washington D.C., and requested assistance in obtaining a travel documents for petitioner from the government of Haiti. On March 18, 2011, ICE conducted a 90-day post order custody review. The decision to continue detention was served on petitioner on March 24, 2011. (Sanchez Decl. ¶¶ 9-13 at ID#s 82-83; Decision to Continue Detention, docket # 17-3 at ID# 87). On June 13, 2011, ICE completed the Headquarters Post Order Custody Review and provided this document to the headquarters Custody Determination Unit in Washington D.C. (Sanchez Decl. ¶ 14 at ID# 83).

On July 11, 2011, petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan. The case was transferred here because petitioner is being detained at the Calhoun County jail in Battle Creek, Michigan within this District. (docket #s 2, 20). On July 27, 2011, petitioner filed his first amended petition. (docket # 7). On September 19, 2011, respondent filed a response (docket # 17).

    B.    <u>Status of Removals to Haiti</u>

Removals to Haiti were temporarily suspended in the aftermath of the January 12, 2010 earthquake. The suspension has now been lifted. Removals resumed in January 2011, and are scheduled to occur on an "at least monthly" basis:

> The United States successfully repatriated 27 Haitian citizens or nationals on a repatriation charter flight which occurred on January 20, 2011. ICE had another charter flight on April 15, 2011, which successfully repatriated 19 Haitian citizens or nationals. On May 11, 2011, ICE successfully repatriated 28 Haitian citizens or nationals on a charter flight, and again

> on June 14, 2011, ICE successfully repatriated 26 Haitian citizens or nationals. In addition, on July 12, 2011, ICE successfully repatriated 36 Haitian citizens or nationals. Also, on August 19, 2011, ICE successfully repatriated 43 Haitian citizens or nationals. Last, on September 13, 2011, ICE repatriated 49 Haitian citizens or nationals. Subsequent flights are scheduled to occur at least monthly after the August charter.

(docket # 17-4, Katz Decl. ¶ 7 at ID #s 90-91).

The Haitian government has a record of being responsive to requests for travel documents, and ICE has been successful in repatriating citizens and nationals of Haiti subject to final orders of deportation or removal. (Katz Decl. ¶ 8 at ID# 91). "To authorize the repatriation of a Haitian national, the GOH [government of Haiti] typically requires a travel document request packet submission containing the alien's birth certification and/or any other identification documentation in order for the GOH to make a determination that the alien is a national or citizen of Haiti." (*Id.* at ¶ 9). Petitioner is a citizen and national of Haiti. (*Id.* at ¶ 10). Once petitioner's travel document request package is finalized, "he will be scheduled for removal on the first available flight. Two weeks prior to departure, [petitioner's] travel packet will be included with the flight's manifest for approval by the GOH." (*Id.* at ¶ 11).

## Discussion

Petitioner seeks relief under 28 U.S.C. § 2241, which authorizes federal district courts to grant writs of habeas corpus to prisoners "in custody." Despite statutory restriction of court review regarding many immigration matters, a petition for writ of habeas corpus under section 2241 is appropriate for raising statutory and constitutional challenges to post-removal detention by the ICE. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003).

In *Zadvydas*, the Supreme Court was asked to declare section 241(a)(6) of the Immigration and Nationality Act (INA) (8 U.S.C. § 1231(a)(6))[3] unconstitutional, because it authorized unlimited detentions, in violation of the Due Process Clause. To avoid this constitutional question, the Court construed the statute as authorizing detention only for that period of time reasonably necessary to remove the alien, presumptively six months. 533 U.S. at 701. Thus, the Act as construed in *Zadvydas* does not permit indefinite detention, which implicates due-process concerns under the Fifth Amendment. *See Ly*, 351 F.3d at 267.

The *Zadvydas* Court outlined the essential inquiry for a habeas court faced with administrative detention beyond the presumptive six-month limit:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon violation of those conditions.

*Zadvydas*, 533 U.S. at 699-700. "[W]here detention's goal is no longer practically attainable, detention no longer bears a reasonable relation to the purpose for which the individual was committed." *Id.* at 690. Under *Zadvydas*, an alien may be held in confinement until it has been determined that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner has the burden of providing a good reason to believe that no such likelihood

---

[3]"An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title, or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6).

exists. *Id.* Once petitioner has met this burden, the government must respond with evidence sufficient to rebut that showing. *Id*.

In the present case, petitioner has not provided any evidence to give this court "good reason to believe" that his removal is unlikely in the reasonably foreseeable future. According to the declarations presented by respondent, the appropriate documentation has been provided to the Haitian government which, in the experience of ICE officers, should be sufficient to induce the issuance of travel documentation. The Haitian government has not denied the request, nor is there any reason to believe that it will do so. Issuance of the appropriate travel documentation by the Haitian government is the only impediment standing in the way of removal.

It is significant that, unlike the circumstance faced by the Court in *Zadvydas*, there is no institutional barrier to removal. *Zadvydas* involved two aliens with criminal records, who faced "potentially permanent" civil confinement. 533 U.S. at 684-86. Because of his criminal record, Mr. Zadvydas was denied entry by both Germany and Lithuania, the two countries with which he had prior contacts. Petitioner Ma had no reasonable prospect of being repatriated to his native Cambodia, given the lack of a repatriation agreement between that country and the United States. *Id.* at 685-86. By contrast, the ICE officials responsible for this case see no impediment to petitioner's repatriation and expect, on the basis of their previous dealings with the Haitian government, that a travel authorization will be forthcoming in the near future. *See also Joseph v. Holder*, No. 11-11118, 2011 WL 2893070, at * 3 (E.D. Mich. July 20, 2011)(Petitioner's removal has been delayed longer than expected, but the delay "was brought about by natural causes (*i.e.* the January 2010 devastating earthquake in Haiti) and not because the United States government is not working towards Petitioner's successful and prompt repatriation or because the Haitian government

is unwilling to accept him."); *Resil v. Hendricks*, No. 11-2051, 2011 WL 2489930, at * 6 (D. N.J. June 21, 2011)("[T]he Government has shown that repatriation of Haitian nationals and citizens subject to a final order of removal has recommenced in January 2011, and that since April 2011, such removal of Haitian citizens and nationals have started to occur on a regular basis."). Mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Joseph v. Holder*, 2011 WL 2893070, at * 3; *Resil v. Hendricks*, 2011 WL 2489930, at * 6-7.

On the record now before the court, petitioner has not met his burden of showing that there is no significant likelihood of removal within the reasonably foreseeable future. He is therefore not entitled to habeas corpus relief.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied, without prejudice to petitioner's ability to apply for future relief if circumstances change.

Dated: October 24, 2011 /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file

timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).